UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CORNHUSKER ENERGY LEXINGTON, LLC,

    Plaintiff,

v.

ENGLISH BOILER & TUBE, INC.,

    Defendant.

Case No. 8:11cv92

**STIPULATED PROTECTIVE ORDER**

By consent of the parties to this action and pursuant to the Federal Rules of Civil Procedure, the Court makes the following Protective Order, which shall be permanently binding and enforceable against the parties, their officers, agents, servants, employees, attorneys, and all legal or equitable successors, and all other persons in active consort or participating with any of them who received actual notice hereof.

Upon agreement of counsel, and deeming it just and proper so to do, it is hereby ORDERED that:

    1.    This Order governs the handling of all documents, testimony and information produced, given or filed herein by the parties ("Producing Person") and designated as "CONFIDENTIAL." "Receiving Person" refers to any person that receives documents, testimony, or information produced, given or filed by a Producing Person and designated as "CONFIDENTIAL."

2. Any party may disclose certain confidential, proprietary, financial or personal information and/or otherwise privileged documents to opposing counsel in this litigation which such party seeks to protect from disclosure.

3. A party may designate as "CONFIDENTIAL" any document produced in this action, any Answer to Interrogatory or other discovery requests in this action, or any portion of any deposition (including deposition exhibits) in this action, that contains confidential, personal, financial or proprietary information by writing, typing or stamping on the face of such document, answer or transcript the word "CONFIDENTIAL" or by otherwise notifying counsel of the parties in writing, and, in the case of deposition transcripts and exhibits, also the court reporter. Should a party object to the designation of a document, answer or transcript as "CONFIDENTIAL", it may apply to the Court for a ruling that the document, answer or transcript, or information contained therein, shall not be so treated after giving prior written notice of such application to counsel for all parties.  Until this Court enters an Order, if any, changing the designation of the documents, answers or transcripts, it shall be given the "CONFIDENTIAL" treatment initially assigned as provided for in this Order.

4. Except upon further Order of this Court, documents, answers or transcripts, or portions thereof, designated as "CONFIDENTIAL" pursuant to this Order, and information contained in any such documents, answers or transcripts, shall be disclosed only to the Court, counsel of record for the parties, the parties, or independent experts (as provided in paragraph 8) retained by the parties and identified in written discovery responses.  No person receiving such "CONFIDENTIAL" documents, answers, transcripts or information shall disclose them or their

contents to any person other than the Court, counsel of record, the parties or independent experts (as provided in paragraph 8).

5.   All documents, answers or transcripts and information disclosed, given or produced by the parties herein shall be used solely for the preparation for and use at the trial of this action and the case styled, *Cornhusker Energy Lexington, LLC v. English*, Civil Action No. 8:11cv92, and shall not be used or disclosed by any receiving person for any other purpose, including any commercial or business purpose.

6.   Except for those individuals identified in paragraph 4, counsel of record receiving such documents, answers, transcripts or portions thereof marked "CONFIDENTIAL" shall be allowed to disclose them or their contents to any other person only upon order of the Court or upon receipt of written permission from opposing counsel granting such disclosure.

7.   Except to provide copies to those individuals identified in paragraph 4, counsel agrees that none of the documents, answers, transcripts or portions thereof designated as "CONFIDENTIAL" shall be photocopied or reproduced by any other means without the prior written consent of opposing counsel or until further order of this Court.

8.   Counsel may permit expert or experts hired by any party in anticipation of litigation and those individuals identified in paragraph 4, to review the documents subject to this Protective Order, but counsel must first obtain from each such individual or expert a written statement confirming the expert's agreement to comply with every element of this Protective Order.  A copy of said written statement is attached as Exhibit "A."  Said persons and experts shall agree that the contents of the documents shall not be disclosed to any other person and said documents shall not be photocopied or reproduced by any other means, except for the purposes of this litigation.

9. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

10. The parties may file documents protected herein under Restricted Access with the Court pursuant to the requirements of this Order and NECivR 5.0.3.  All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as "CONFIDENTIAL," or which contain information so designated, shall be filed under restricted access, or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers labeled with the case caption, the word "CONFIDENTIAL," and a statement in the following form, or such other form as ordered by the Court or required by the Clerk of the Court:

> This envelope contains confidential information filed in this case by [name of party] that is subject to a Protective Order of the Court. It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

Pursuant to this Order and NECivR 7.5, a party filing information identified as "CONFIDENTIAL" as restricted access with the Court is not required to file a separate motion requesting leave to file same; provided that, nothing in this provision shall restrict a party from challenging the confidentiality designation of the document or information as provided in this Order.

11. Notwithstanding the foregoing provision, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents, answers, transcripts or portions thereof designated as "CONFIDENTIAL" subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any evidentiary material.

12. The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity does not constitute a waiver. Promptly upon learning of the inadvertent disclosure, however, the Producing Person must notify the Receiving Person of the inadvertent production and request the return of the documents. The Receiving Person must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the Receiving Person from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Person must preserve any such documents.

13. All documents, answers and transcripts or portions thereof designated "CONFIDENTIAL" pursuant to this Order, and all copies of such documents, which may have been made in compliance with this Order, shall be returned to counsel for the party producing such information at the conclusion of this action.

14. This Order may be modified by further order of this Court or by agreement of counsel for the parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the Clerk and made a part of the record in the case.

Upon entry, the Clerk is directed to send certified copies of this Order to all counsel of record.

Dated: May 10, 2011

Respectfully submitted,

ENGLISH BOILER & TUBE, INC.,
      Defendant,

_____
Michael T. Hilgers (#24483)
Gober Hilgers PLLC
1603 Farnam Street, Ste. 3000
Omaha, NE 68102
Telephone: (402) 218-2103
Facsimile: (877) 437-5755
mhilgers@goberhilgers.com

Christopher M. Malone (VSB No. 18678) (*Pro hac vice*)
Neil S. Talegaonkar (VSB No. 44589) (*Pro hac vice*)
Thompson & McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Telephone:  (804) 649-7545
Facsimile:  (804) 780-1813

-AND-

CORNHUSKER ENERGY LEXINGTON, LLC,
      Plaintiff,

_____
John M. Lingelbach (#20429)
Patrice D. Ott (#24435)
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
E-mail: John.Lingelbach@koleyjessen.com
E-mail: Patrice.Ott@koleyjessen.com

**So ORDERED and SIGNED this 12th day of May, 2011.**

                                           **BY THE COURT:**

                                           **/s/ Lyle E. Strom**

                                           _____
                                           **UNITED STATES DISTRICT JUDGE**

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

CORNHUSKER ENERGY LEXINGTON, LLC,

      Plaintiff,

  v.                                                Case No. 8:11cv92

ENGLISH BOILER & TUBE, INC.,

      Defendant.

**ACKNOWLEDGMENT**

_____ hereby acknowledges and agrees that he/she has been provided a copy of the Stipulated Protective Order entered in the above-captioned action; he/she has read the Order; he/she agrees to be bound by its terms; and he/she subjects himself/herself to the jurisdiction of the United States District Court for the District of Nebraska for purposes of any action and to enforce the terms of the Order.

Date: _____

589362.2